## McLAUGHLIN v. SMITH.

*Costs — in case in county court certified to Supreme Court.*

From a judgment against him, in a justice's court, defendant appealed for retrial to the county court but on account of disqualification of the county judge, the case was certified to the Supreme Court and there tried, and a nonsuit directed. Upon motion of plaintiff at special term, a new trial was ordered, which order upon appeal by defendant to the general term was reversed with costs *Held*, that the defendant, upon the motion for a new trial, and the appeal therefrom, was limited to such costs as he would have been entitled to had the motion for a new trial been heard and disposed of by the county court.

APPEAL by defendant from an order at the special term denying a motion for a retaxation of costs.

The action was brought by Mary McLaughlin against Nicholas Smith and another, to recover for the conversion of a cider press. The action originated in a justice's court, where the plaintiff demanded and recovered judgment for $100 damages besides costs. The defendants appealed to the county court, but not on questions of law only ; therefore the action was in that court for a retrial. Thereupon, the county judge, being disqualified, certified the case to the Supreme Court, pursuant to subdivision 13 of section 30 of the Code of Procedure.

The action was tried at the circuit, where the plaintiff was non-suited, and judgment of dismissal of the complaint with costs against the plaintiff was entered. Thereupon the plaintiff made a case with exceptions, and moved thereon before Mr. Justice POTTER, at special term, for a new trial, which motion was granted; the nonsuit was set aside, and a new trial was ordered, with costs to abide the event. From this order the defendants appealed to the general term of this court, which reversed the order made at special term, with costs. The defendants then made out and presented a bill of costs for adjustment, claiming costs the same as if the case had originated in this court, but the county clerk allowed only such costs as the party would have been entitled to, in case the motion for a new trial on the case and exceptions had been made in and decided by the county court. On a motion at special term, in the nature of an appeal, the action of the clerk in refusing to adjust the costs as

claimed by the defendants, was sustained and the motion for re-adjustment was denied. The case is now before the court at general term on appeal from this order.

*J. M. Carroll*, for appellant.

*John Stewart*, for respondent.

BOCKES, J. The proceedings taken in this court, down to the appeal from the order setting aside the nonsuit and granting a new trial, were such as might have been taken in the county court in case the county judge had not certified the action to this court.

A motion for a new trial on a case and exceptions may be made in the county court (Code, § 30, subd. 13; § 366, subd. 5 and 6); and it may be made before or after judgment has been entered (§ 366, subd. 6). The costs allowed on a motion for a new trial in the county court on a case and exceptions are specified in section 371, and are comprised in one item of $10 for the argument of the motion. Had this action remained in the county court, and the motion for a new trial been made in that court, it is quite obvious that the only allowance for costs of the motion to the prevailing party would have been the item of $10 allowed by section 371 for the argument, unless, indeed, in and by the order itself ordinary motion costs had been expressly awarded. Let us pause here and inquire whether any other costs could be allowed to the prevailing parties, in case the motion had been made in this court by reason of the action being certified here by the county judge pursuant to section 30. This inquiry has been answered by several decisions. *Taylor* v. *Seeley*, 4 How. 314; *Sheldon* v. *Albro*, 8 id. 305; *O'Callaghan* v. *Carroll*, 16 id. 327; *Davis* v. *Stone*, id. 538, 541; *Humiston* v. *Ballard*, 40 id. 40, 43. These cases hold that, notwithstanding the proceedings and decision are in the Supreme Court under the certificate of incapacity of the county judge to act, yet costs must be allowed and taxed at the same rate as if the case had been disposed of in the county court. In *Humiston* v. *Ballard*, 40 How. 43, it is said, per POTTER, J., that in certifying an action in the county court to the Supreme Court for the reason that the county judge is incapable of trying it, though for the purpose of trial the jurisdiction is vested in the Supreme Court, yet the judge at the circuit is but the substitute for the county judge, and the proceedings therein are to be the same as

might have been had in the county court if such cause had remained therein.    We are bound to respect these decisions which ave been acquiesced in and accepted as sound ever since the Code was adopted. Therefore, down to the time when the order granting a new trial was made by Justice POTTER, the case for all purposes as to the allowance of costs was to be considered the same as if it had remained in the county court, and the order on the motion for a new trial had been made in that court.

Our attention is called by the appellant's counsel to the clause in section 371, which declares that the fees and costs specified therein, and no other, shall be allowed on appeal to the party entitled to costs as therein provided, "when the new trial is in the county court;" and it is urged that it follows, by implication at least, that when the trial is not in the county court, but is in the Supreme Court, costs of the latter court should be allowed.    But according to the decisions above cited the appeal must be recognized as an appeal to the county court, and that the cause is tried in the Supreme Court on the appeal to the county court, by virtue of the certificate of the county judge.    So it is held that the case is to be treated in all the proceedings as if the cause had remained in the county court.    It must be remembered too, that when the clause referred to was incorporated into section 371, provision was made for the allowance of costs when new trials could be had on appeals in the county court; and this doubtless led to the employment of those words.    It was no more than saying that the following costs, and no other, shall be allowed to the party entitled thereto, when a new trial is had pursuant to the authority there given.    Especially should this construction be given in consideration of the fact that it was then the settled rule that all proceedings in the Supreme Court, when certified there by the county judge, were to be regarded as if had in the county court, in so far as the allowance of costs was concerned.    Had it been intended by the legislature to limit or qualify this well-settled rule, such intention would have been definitely expressed and not left to inference.

The next question that arises relates to the costs of the appeal to the general term, from the order granting a new trial.

On the hearing of this appeal, the order granted at special term by Justice POTTER was "reversed, with costs."    The question now is what costs was the appellant entitled to under this order of reversal ?    According to the decisions in the cases above cited the

order made by Mr. Justice POTTER must be considered the same as if made by the county court. The special term was merely substituted for the county court in hearing and deciding the motion. As was said by Mr. Justice Potter, the judge at the circuit (special term) is but the substitute for the county judge. It follows that the appeal must be considered the same as an appeal from an order of the county court; and if it is to be so regarded it must be considered as a motion in so far as the question of costs is concerned. This is settled in *Woodbury* v. *Morton*, 44 How. 56, and in *Crosby* v. *Brown*, id. 149. In these cases it was decided that on such appeal the successful party could not have costs as allowed by subdivision 5 of section 307 of the Code, because the case was expressly excepted therefrom; and in *Crosby* v. *Brown, supra,* the court held that no costs of appeal could be allowed, inasmuch as none were awarded by the order.

In the case at bar it seems that the clerk allowed to the appellant $10 costs of motion, and $10 costs on the appeal. Those allowances were not authorized by the orders, still no objection was made thereto, and the error or mistake is not before the court for correction. Had the order of reversal at general term been full and formal, the appellant would doubtless have been entitled to the amount allowed him by the clerk, $20 in all.

The order of reversal did not, as entered, dispose of the motion below. It should have been allowed and entered as follows: " Order appealed from reversed, with $10 costs of appeal; and motion for new trial on case and exceptions denied, with costs." Under such denial, *"with costs,"* $10 for argument of motion, given by section 371, would have been allowable. But these are formal matters of no moment here.

The question submitted to us is, whether the appellant on the appeal now before the court may have costs on the motion for a new trial, and on the appeal from the order, granted on that motion, the same as if those proceedings had been taken in a cause originating in the Supreme Court. We are of the opinion that he cannot; but must be limited to such costs as he would have been entitled to had the motion for a new trial been heard and disposed of by the county court.

The order appealed from must be affirmed, with $10 costs.

*Order affirmed.*